IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZEPHREE BRINSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-13-463 |
| § | |
| § | |
| UNIVERSAL AMERICAN MORTGAGE § | |
| CO., *et al.,* § | |
| § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The plaintiff, Zephree Brinson, seeks a temporary restraining order (TRO) in her suit against defendants Universal American Mortgage Company, the Bank of New York, Bank of America, N.A., Mortgage Electronic Registration Systems, and American Home 4 Rent One, and any law enforcement officers charged with executing a writ of possession against people occupying her former home in Brazoria County, Texas (collectively, "defendants"). On August 7, 2012, American Homes 4 Rent One bought Brinson's home at a foreclosure sale. On October 4, 2013, American Homes 4 Rent One initiated an lawful detainer action against the occupants of Brinson's home and obtained a state-court judgment granting it the right to possess the home. Brinson asks this court to enjoin American Homes 4 Rent One from executing the writ of possession and evicting the occupants of the house.

Based on the pleadings, the motion, the arguments of counsel, and the governing law, Brinson's request for a TRO is denied. The reasons are explained below.

**I.      Background**

In September 2003, Brinson executed a Promissory Note in the amount of $112,400, secured by a Deed of Trust on a home located in Brazoria County, Texas. The Deed of Trust was assigned to Bank of America on March 12, 2012. (Docket Entry No. 15, Ex. B). Brinson defaulted on the terms of the Promissory Note by failing to make the required monthly payments. The defendants initiated foreclosure proceedings. On August 7, 2012, American Homes 4 Rent One purchased the property at a foreclosure sale. American Homes 4 Rent One filed in the County Court at Law, Brazoria County, a forcible detainer action against Brinson's purported tenant, Robert Garner,[1] and any other person occupying the home. On October 4, 2013, the County Court at Law issued a judgment granting American Homes 4 Rent One the right to possess the property and ordering Garner to vacate the home by October 20, 2013. (*Id.*, Ex. C). The record does not reflect that this judgment was appealed.

On November 21, 2013, Brinson filed suit in the 412th Judicial District Court of Brazoria County, Texas, seeking a TRO preventing the defendants from evicting anyone occupying the house; damages for wrongful foreclosure, breach of contract, violations of the Texas Property Code; and a declaration that her title was superior to American Homes 4 Rent One's title. (Docket Entry No. 1, Ex. A). The state district court granted the TRO, which expired on December 19, 2013.

The defendants timely removed on December 30, 2013. On January 2, 2014, Brinson filed a motion for a TRO, seeking to enjoin the defendants from evicting Garner and anyone else occupying the home. (Docket Entry No. 7). On January 2, 2014, this court held a hearing on the TRO motion. The court issued an order to prevent eviction while the parties submitted briefs. (Docket Entry No. 14). The injunction remained in effect until January 17, 2014. (*Id.*). On

---

[1] It is unclear from the record whether Garner is paying Brinson rent while he occupies the property.

February 21, 2014, Brinson again moved for a TRO seeking to enjoin the defendants from evicting Garner and anyone occupying the home. (Docket Entry No. 22). Brinson stated that the "constable told . . . Garner that he will be evicted on MONDAY, February 24, 2014." (*Id.* at ¶ 13). The court held a hearing on this motion on February 24, 2014.

## II.  Analysis

To obtain a TRO, a plaintiff must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Nichols v. Alcatel USA*, Inc., 532 F.3d 364, 372 (5th Cir. 2008). A TRO is an "extraordinary remedy." *Planned Parenthood of Houston & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (internal quotation marks and citation omitted).

The court first addresses jurisdictional defects the defendants raise concerning Brinson's motion. Specifically, the defendants argue that because there is a valid state-court judgment granting American Homes 4 Rent One the right to possess the home, the Anti-Injunction Act and *Rooker-Feldman* doctrine bar the court from granting Brinson the relief she seeks. *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381–82 (5th Cir. 2013) ("Because the *Rooker–Feldman* doctrine is jurisdictional, we must address this issue first.").

### A.  Anti-Injunction Act

"'The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court.'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008) (quoting *Vines v. Univ. of La.*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283)). The statute states that "[a] court of the United States may not grant an injunction to stay proceedings in a State

court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  The statute is strictly construed.  There are three exceptions, but none apply here.  *See Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970); *Health Net*, 534 F.3d at 493; *Vinefs*, 398 F.3d at 704.  Brinson argues that the "necessary in aid of jurisdiction" exception applies.  But courts have consistently held that this exception does not apply to a request for a TRO to enjoin the execution of a state-court unlawful detainer judgment.  *See, e.g., Gray v. La Salle Bank NA*, No. 13-cv-03692, 2013 WL 4711672, at \*2 (N.D. Cal. Aug. 30, 2013); *Michener v. Wells Fargo Home Mortgage*, No. 12-2003, 2012 WL 3027538, at \*4 (N.D. Cal. July 24, 2012) (citing cases).

In a recent unpublished opinion, the United States Court of Appeals for the Fifth Circuit in *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414 (5th Cir. 2013), upheld a district court's denial of a TRO seeking to enforce an unlawful-detainer judgment.  The factual circumstances in *Knoles* are similar to those in the present case.  In *Knoles*, the County Court at Law issued a bank a writ of execution after the bank instituted a forcible detainer action against the occupant of the house.  *Id.* at 414.  The occupant of the house then moved for a TRO in federal district court, seeking to prevent the bank from executing the writ of possession.  The district court denied the TRO, and the Fifth Circuit affirmed, relying on the Anti-Injunction Act.  The court stated that "[t]he relief sought, in

practical effect, would enjoin [the bank] from enforcing a valid extant judgment of a Texas court."[2] *Id.* at 416.

There are no material differences between the plaintiff in *Knoles* and Brinson. Both were Texas residents who moved to enjoin execution of a writ of possession obtained from a County Court at Law after their homes had been foreclosed. If this court were to grant Brinson a TRO, it would interfere with the execution of American Homes 4 Rent One's valid state-court judgment. The court lacks authority under the Anti-Injunction Act to grant such relief.

### B. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine may provide an alternative basis for denying the TRO. The doctrine prohibits this court from interfering with a state-court proceeding. "Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" except when authorized by Congress. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted). The doctrine is narrow and "confined to . . . cases brought by state court-losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

---

[2] The Fifth Circuit explained:

> In Texas, if a county court has ruled in a forcible detainer action that one party is entitled to possession, a state district court in a later suit regarding title does not have jurisdiction, prior to its final decree, to "alter the status quo" by issuing "an injunction restraining the enforcement" of the county court's judgment. *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex. Civ. App.—San Antonio 1981, no writ.). Here, the county court ruled in a forcible detainer action that Wells Fargo was entitled to possession despite the claims brought by Knoles. When the United States District Court refused to alter possession prior to a final decree, it was giving the same deference to the county court judgment as would a Texas district court.

*Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415–16 (5th Cir. 2013).

The purpose of the TRO Brinson seeks is to prevent American Homes 4 Rent One from evicting Garner and anyone occupying the home. The County Court at Law judgment authorizes such conduct. The TRO is a collateral attack on the underlying state-court judgment. The *Rooker–Feldman* precludes this court from exercising subject-matter jurisdiction over such a collateral attack.

### III.   Conclusion

The application for a TRO, (Docket Entry No. 22), is denied.

SIGNED on February 24, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge