# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ZEPHREE BRINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-13-463 |
| | § | |
| UNIVERSAL AMERICAN MORTGAGE CO., *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

This is one of the many cases challenging a mortgage foreclosure. The claims and arguments are well-presented versions of claims and arguments that have become routine in such cases. The binding law governing such cases has become much clearer over the last two years. The defendants have moved to dismiss the complaint, the plaintiff responded, and the defendants replied, (Docket Entry Nos. 15, 20, 21). Based on the pleadings; the motion, response, reply, and related submissions; and the applicable law, the court grants the defendants' motion to dismiss with prejudice and without leave to amend, and enters final judgment by separate order. The reasons are explained below.

**I.  Background**

The factual background is set out in the February 24, 2014 Memorandum and Order, (Docket Entry No. 25), and only briefly summarized below. On August 28, 2003, Zephree Brinson obtained a $112,400 mortgage loan from Universal American Mortgage Company. (State-Court Petition ("Pet.") ¶ 29, Docket Entry No. 1, Ex. A at 3–29 ). Brinson executed a $112,400 promissory note

(the "Note"), secured by a deed of trust (the "Deed of Trust"), naming Universal American Mortgage as the lender. (Docket Entry No. 15, Ex. A at 1). The Deed of Trust named MERS as the nominee for "Lender and Lender's successors and assigns." (*Id.*, Ex. A at 2). In May 2012, MERS assigned the Deed of Trust to Bank of America. (*Id.*, Ex. B). Brinson defaulted on the Note. On June 1, 2012, a law firm representing Bank of America sent Brinson a letter informing her that the loan was in default, that foreclosure proceedings had been initiated, and that a foreclosure sale would occur on July 3, 2012. (*See* Docket Entry No. 20, Ex. F). The foreclosure sale occurred on August 7, 2012. (*Id.*, Ex. J). American Homes 4 Rent One purchased the property, then filed a forcible detainer action against Brinson's purported tenant, Robert Garner, and any other person occupying the home. On October 4, 2013, the Brazoria County, Texas County Court at Law issued a judgment granting American Homes 4 Rent One the right to possess the property and ordering Garner to vacate the home by October 20, 2013. (Docket Entry No. 15, Ex. C).

On November 21, 2013, Brinson filed suit in the 412th Judicial District Court of Brazoria County, Texas, seeking a temporary restraining order ("TRO") preventing the defendants from evicting anyone occupying the house, damages, and a declaratory judgment. The petition asserted the following causes of action and grounds for relief:

- lack of standing to foreclose;
- suit to quiet title;
- violation of the Texas Property Code;
- violation of the Texas Debt Collection Act ("TDCA");
- breach of contract; and
- declaratory relief.

2

The state court granted the TRO, which expired on December 19, 2013. The defendants timely removed on December 30, 2013. On January 1, 2014, Brinson filed a motion for a TRO, seeking to enjoin the defendants from evicting the occupants. (Docket Entry No. 6). On January 2, 2014, this court held a hearing on the TRO motion. The court issued an order enjoining the defendants from evicting the home's occupants. (Docket Entry No. 14). The injunction remained in effect until January 17, 2014. (*Id.*). On February 21, 2014, Brinson moved for another TRO seeking similar relief. (Docket Entry No. 22). The court held a hearing on this motion on February 24, 2014 and denied the TRO on the basis that the Anti-Injunction Act barred the court from interfering with the state-court judgment granting American Homes 4 Rent One the right to possess the house. (Docket Entry No. 25 at 3–5).

The defendants moved to dismiss. (Docket Entry No. 15). The arguments and responses are analyzed below.

## II. The Legal Standard for a Motion to Dismiss and For Leave to Amend

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). A court may, however, "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001). The court may consider such extrinsic materials as matters of public record without converting the motion into one seeking summary judgment.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))). *Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

**III. Discussion**

    **A. Bank of America's Standing to Foreclose**

Brinson contends that Bank of America and the defendants lacked standing to foreclose because of alleged defects in the securitization of the Note and the assignment of the Deed of Trust from Universal American Mortgage to Bank of America. Brinson argues that the defects made the assignment void and that Bank of America therefore had no right to foreclose. Bank of America and the defendants deny that there were defects; argue that the assignments were at most voidable, not void; and argue that Brinson lacks standing under Texas law to challenge the assignments because she was not a party to them. The defendants are correct.

The documents in the record establish the validity of Bank of America's foreclosure and the subsequent sale to American Homes 4 Rent One. The August 28, 2003 Deed of Trust Brinson signed named Universal American Mortgage Company as the "Lender." (Docket Entry No. 15, Ex. A at 1). The Deed of Trust named MERS as the nominee for "Lender and Lender's successors and assigns." (*Id.*, Ex. A at 2). Under the Deed of Trust, MERS, as the Lender's nominee and beneficiary, could "invoke the power of sale." (*Id.*, Ex. A at 13). The record also contains the May 12, 2012 document assigning Universal American Mortgage's rights under the Deed of Trust, including the power of sale, to Bank of America. (Docket Entry No. 15, Ex. B). This document shows that the assignment was recorded in the Brazoria County Property Records.

Brinson argues that the assignment to Bank of America was invalid and void because the Note and the Deed of Trust were split. Despite Brinson's arguments to the contrary, this is a version of the "split-the-note" theory that the Fifth Circuit and courts within the Circuit have consistently rejected. The Fifth Circuit has explained that the premise of the "split-the-note" theory is "that a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null. In order to foreclose, the theory of relief goes, a party must hold both the note and the deed of trust." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). In *Martins*, the Fifth Circuit rejected this theory. The court stated that under Texas law, if the foreclosing party is a mortgage servicer and the mortgage has been properly assigned, "[t]he party to foreclose need not possess the note itself." 722 F.3d at 255. "The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Id.* Texas law distinguishes between enforcing a note and foreclosure. Foreclosure is an independent action that enforces the deed of trust, not the underlying note. Foreclosure may be conducted without a judicial proceeding. *Wells v. BAC Home Loans*

*Serv., L.P.*, No. 10-ca-350, 2011 WL 2163987, at *2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (1942)). By contrast, an action to enforce the note requires judicial action and oversight. The Fifth Circuit noted that its rejection of the split-the-note theory was consistent with the "weight of Texas authority." *Martins*, 772 F.3d at 255.

For the reasons stated in *Martins*, which is binding on this court, Brinson's contention that MERS's assignment of the Deed of Trust from Universal American Mortgage to Bank of America was invalid because the Note and Deed of Trust were split does not provide a basis for relief.

Brinson also argues that the assignment to Bank of America was void on the ground that the signature on the assignment was a forgery. Brinson contends that Bud Kamyabi, who is listed on the assignment as the Assistant Secretary for MERS, was actually an employee of Bank of America and not authorized to act on MERS's behalf. (Docket Entry No. 20 at 17). The Fifth Circuit has recently considered and rejected similar arguments. In *Reinagel v. Deustsche Bank National Trust Company*, 735 F.3d 220 (5th Cir. 2013), the plaintiff-borrowers sued to enjoin the foreclosure of their home. They argued that MERS's assignment of the deed of trust was void because the person who executed the assignment lacked authority to assign the deed of trust and that the signature on the assignment was invalid because it was "robosigned." *Id*. at 224. The *Reinagel* defendants argued that the plaintiffs lacked standing to challenge the assignments. The Fifth Circuit noted initially that, under Texas law, an obligor such as a mortgagor "cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor." *Id.* at 225. Rather, an obligor can only defend on grounds rendering the assignment void. "Texas courts follow the majority rule that the obligor may defend on any ground that renders the assignment void." *Id*. (internal quotations and emphasis omitted). The Fifth Circuit held that the *Reinagel* plaintiffs' challenges raised grounds that could make the assignment voidable,

but not void. *Id.* at 226–28. The Fifth Circuit rejected the argument that the purported unauthorized signature on the documents assigning the deed of trust made the assignment void. The court noted that the Texas Supreme Court had "clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal." *Id.* at 226 (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)). The Fifth Circuit also rejected the *Reinagel* plaintiffs' claim that the assignment was void because it was "robosigned" or scanned into the documents. The court found this argument a "red herring" because "Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by or at the direction of the signer." *Id.* at 227. The plaintiffs had not identified or provided evidence that the signature was scanned without authorization. *Id.*

Like the plaintiffs in *Reinagel*, Brinson's allegations about Kamyabi's signature do not give rise to an inference that the assignment was void under Texas law.[1] Under *Reinagel*, even if Brinson had pleaded that Kamyabi lacked authority, the assignment at most would be voidable at the election of Bank of America, MERS, or Universal American Mortgage—the possible defrauded parties. Brinson lacks standing to challenge the assignment. *See Reinagel*, 735 F.3d at 225 (noting that under Texas law, "a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal"); *see also Davis v. Countrywide Home Loans, Inc.*, — F.

---

[1] To the extent that Brinson is arguing that the assignment was forged, her complaint has not met Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) applies to all averments of fraud, including those in which fraud is not an element of the claim. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Rule 9(b) applies to Brinson's forgery claims. Brinson's allegations of fraud are too general and do not identify the "who, what, when, where, and how" of the fraud." *See Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing FED. R. CIV. P. 9(B)).

Supp. 2d —, No. 13-cv-623, 2014 WL 838146, at *4 (S.D. Tex. Mar. 3, 2014) ("It is settled that . . . a deed [executed by a person fraudulently misrepresenting her agency] is valid and represents prima facie evidence of title until there has been a successful suit to set it aside . . . [which] can only be maintained by the defrauded [principal]." (alterations in original) (quoting *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976))).[2]

Brinson also appears to allege that the foreclosure was improper on the theory that the securitization of the Note or Deed of Trust violated the applicable Pooling and Servicing Agreements. (*See* Docket Entry No. 21 at 20). Absent some evidence that she was a party to, or an intended third-party beneficiary of, the PSA, Brinson lacks standing to challenge the loan transfer on the ground that it violated the PSA. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (holding that, under Texas law, a mortgagor lacked standing to bring suit to enforce the PSA terms governing assignment of the promissory note when there was no evidence that he was an intended third-party beneficiary of the assignment); *Hull v. Ocwen Loan Servicing, LLC*, No. 12-cv-1098, 2014 WL 684955, at *3 (N.D. Tex. Feb. 20, 2014) (same). Even if the assignment violated the PSA, that would not make the assignment void. *Reinagel*, 735 F.3d at 228

Brinson's response to the arguments that she lacks standing to challenge the assignment is unpersuasive. She relies on the concurrence in *Reinagel*. (*See* Docket Entry No. 21 at 13 ("The concurring opinion in *Reinagel* tracks precisely what Plaintiffs [*sic*] have alleged in this case.")). The concurrence stated that Texas law supports the split-the-note theory; that the signature on the assignment is a "forgery" if it is acknowledged at a different time or place; and that homeowners have standing to challenge an assignment that violates the Pooling and Servicing Agreement. *Reinagel*, 735 F.3d at 229–30 (Graves, J., concurring in the judgment only). Brinson's reliance on

---

[2] It is unclear from the form complaint and response whether Brinson alleges that Kamyabi's name was "robosigned." To the extent Brinson makes such an allegation, it does not provide a basis for relief. *See Reinagel*, 735 F.3d at 227.

the concurrence in *Reinagel* is misplaced. Judge Graves concurred in the judgment only. The concurrence's reasoning is contrary to the reasoning the panel majority expressly relied on to reach its holding. The binding authority in this Circuit requires this court to reject Brinson's standing arguments.

Bank of America, as the beneficiary of the validly assigned Deed of Trust, had the legal authority to foreclose.

### B. The Quiet-Title Claim

Brinson claims that she has superior title to the property despite the fact that she defaulted on the Note and failed to make payments to cure the default and bring the Note current. Her suit to quiet title fails as a matter of law.

Under Texas law, "[a] suit to clear or quiet title—also known as suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). This equitable action "exists to 'enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (1886)). The elements of a quiet-title claim are: "(1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." *Cruz v. Bank of America, Inc.*, No. 11-cv-2871, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied)). "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Wells v. BAC Home Loans*

10

*Servicing, L.P.*, No. 10-cv-350, 2011 WL 2163987, at *4 (W.D. Tex. April 26, 2011) (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).

"Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook–Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (omission in the original) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *see also James v. Wells Fargo Bank, N.A.*, No. 14-cv-0449, 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright*, 26 S.W.3d at 578.

Brinson's petition has not alleged facts showing that her claim to the property is superior to the defendants' claim. Brinson does not dispute that she defaulted on the mortgage. She did not allege that she tendered the amount due on the loan, which is necessary to assert a claim for "recovery of title." *Cook-Bell*, 868 F. Supp. 2d at 591. As a matter of law, Brinson "does not assert a superior title, and alleges no facts to support a superior claim." *Bell v. Bank of Am. Home Loan Servicing LP*, 11-cv-02085, 2012 WL 568755, *7 (S.D. Tex. Feb. 21, 2012). As noted above, the copy of the assignment of the Note and Deed of Trust establishes an unbroken chain of title from Universal American Mortgage, the original lender, to Bank of America, the party who foreclosed and sold the property to the current owner, American Homes 4 Rent One.

Brinson has failed to state a claim to quiet title. This claim is dismissed, with prejudice, because future amendment would be futile.

### C. The Claim under the Texas Property Code

Brinson alleged a claim under § 51.0075(e) of the Texas Property Code. (Pet. ¶¶ 78–79). Section 51.002(b) provides that before a party may foreclose under a deed of trust's power of sale provision, the foreclosing party must provide the debtor with certain notices of the sale. TEX. PROP. CODE § 51.002. Section 51.0075 states that "[t]he name and a street address for a trustee or substitute trustees shall be disclosed on the notice required by Section 51.002(b)." TEX. PROP. CODE § 51.0075(e). The basis of Brinson's § 51.0075(e) claim is unclear. She appears to assert that the notice was defective because three people were disclosed as substitute trustees and because none of the trustees signed the notice. (*See* Docket Entry No. 15, Ex. D).

Brinson has not alleged a plausible claim under § 51.0075(e). The notice complied with the statute. It included the names of the substitute trustees and an address at which to contact them. The statute does not prohibit multiple substitute trustees. Nor does the statute require that the trustees sign the notice. *Williams v. Bank of New York Mellon*, No. 09-cv-1622, 2010 WL 3359461, at *5 n.4 (N.D. Tex. Aug. 23, 2010) (citing *Connally v. Countrywide Home Loans Inc.*, 2010 WL 746429, at *4 (Tex. App.—Texarkana Mar. 5, 2010, pet. denied).

Brinson has failed to state a claim for a violation of § 51.0075(e). This claim is dismissed, with prejudice, because future amendment would be futile.

### D. The Claim under the Texas Debt Collection Act

Brinson alleged that Bank of America violated the TDCA by threatening "to take action to foreclose on the property without properly considering Plaintiff under the [Home Affordable Modification Program ("HAMP")] or another alternative action to cure." (Pet. ¶ 82). It is unclear what TDCA provisions Brinson claims Bank of America violated. The complaint refers to §§ 392.301(a)(8) and (14) of the Texas Finance Code. There is no subsection (a)(14) under § 392.301.

Brinson appears to be referring to §§ 392.304(a)(14), (19)—subsections addressing fraudulent, deceptive, or misleading representations.

The complaint does not allege a colorable claim under § 392.301(a)(8). That subsection states that a debt collector "may not use threats, coercion, or attempts to coerce that . . . threaten[] to take an action prohibited by law." The alleged communications from Bank of America to Brinson about its intent to foreclose were not "prohibited by law." The TDCA does not prevent a debt collector like Bank of America from conducting a nonjudicial foreclosure in accordance with the deed of trust. *Carrillo v. Bank of Am., N.A.*, No. 12-cv-3096, 2013 WL 1558320, at *7 (S.D. Tex. Apr. 11, 2013). The TDCA states that it "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE. § 392.301(b)(3). In Texas, nonjudicial foreclosure proceedings are authorized under § 51.002 of the Texas Property Code.

To the extent that Brinson asserted claims for violations of §§ 392.304(a)(14) and (19), those claims also fail as a matter of law. Section 392.304(a)(14) prohibits a debt collector from "representing falsely the status or nature of the services rendered by the debt collector." TEX. FIN. CODE. § 392.304(a)(14). Construing her pleading generously, Brinson alleged that Bank of America violated the TDCA by not complying with HAMP guidelines and offering her a loan modification. The allegations are conclusory, lacking in specific facts, and insufficient to plead a plausible claim. *See, e.g.*, *Franklin v. BAC Home Loans Servicing, L.P.*, No. 10-cv-1174, 2011 WL 248445 at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the [TDCPA], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law.").

Brinson's response seems to argue that her claims are similar to the TDCA claim the Fifth

Circuit upheld in *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723–24 (5th Cir. 2013). In *Miller*, the plaintiffs alleged that the bank told them not to make mortgage payments and to submit a loan modification application by June 17, 2010. *Id.* at 724. The plaintiffs alleged that the bank stated that the foreclosure sale that was to occur on June 1, 2010 had been postponed. *Id.* Despite these statements, the bank foreclosed on June 1, 2010. *Id.* The Fifth Circuit held that the plaintiffs had pleaded a plausible claim under § 392.304(a)(14) because the bank had at least "promised to *consider* the [modification] application before foreclosing," but did not do so. *Id.*

By contrast, Brinson did not allege that the defendants told her that the scheduled foreclosure would not occur. Nor did Brinson allege that the defendants told her not to make any payments or to delay in curing the default. Brinson has failed to allege factual information about any commitment to consider her for a loan modification, although she would have known such information when she filed the state-court petition. *Miller* does not support Brinson's argument that she has stated a claim under the TDCA.

Brinson's legal theory is also untenable because violations of HAMP guidelines cannot form the basis of a TDCPA claim. HAMP and related programs do not create a private right of action for homeowners. *See, e.g.*, *Cruz v. CitiMortgage, Inc.*, No. 11-cv-2871, 2012 WL 1836095, at *6 (N.D. Tex. May 21, 2012) ("The vast majority of courts that have addressed similar claims by plaintiffs asserting entitlement to a permanent HAMP modification, based on a variety of different legal theories, have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers."); *Easley v. Federal Nat. Mortg. Ass'n*, No. 10-cv-3734, 2011 WL 6002644, at * 5 (S.D. Tex. Nov. 30, 2011) (stating that "there is no private cause of action under HAMP" and collecting cases). Under the applicable law, Brinson may not bootstrap alleged HAMP violations as a TCDPA claim. *See Machleit v. Bank of Am., N.A.*, No.

14

12-cv-1942, 2012 WL 6840539, at *6 (S.D. Tex. Dec. 12, 2012), *report and recommendation adopted*, No. 12-cv-942, 2013 WL 140610 (S.D. Tex. Jan. 10, 2013) ("Regardless of the characterization of his claim as one under Texas' Debt Collection Act, [the] failure to follow HAMP or HAFA guidelines [does not] provide[] [the debtor] with a private cause of action."); *Brooks v. Ocwen Loan Servicing, LLC*, No. 12-cv-1410, 2012 WL 3069937, at *6 (S.D. Tex. July 27, 2012).

Brinson's claim under the TDCA is dismissed, with prejudice, because further amendment would be futile.

### E. Breach of Contract

Under Texas law, the elements of a breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). The plaintiff must identify both the contract and the provisions the defendant allegedly violated. *See Blakeley v. Boltinghouse*, No. 03-cv-4901, 2005 WL 1185944, at *5 (S.D. Tex. May 4, 2005).

Brinson alleged that Bank of America violated the Deed of Trust by (1) engaging in foreclosure activity when it was not a "lender," as defined in the Deed of Trust, (2) failing to comply with the HAMP guidelines, and (3) failing to send a timely notice of default and offer to cure. (Pet. ¶¶ 85–92).

The plaintiff's performance or tender of performance is an essential element of a breach of contract claim. *See Mullins*, 564 F.3d at 418. It is undisputed that Brinson defaulted on the loan and did not make payments to bring the loan current. Because she has not performed or tendered performance of her contract obligations, she cannot establish an element of the cause of action. Her

15

failure to perform is fatal to all of her breach of contract claims.

Brinson's contract claims fail on other grounds as well. Her claim that Bank of America is not permitted to foreclose because it is not a "lender" is contradicted by the loan documents. Universal American Mortgage was the original lender and assigned its interest to Bank of America. And the Deed of Trust defines "lender" as "any holder of the Note who is entitled to receive payments under the Note." (Docket Entry No. 15, Ex. A at 2). The documents in the record establish that Bank of America is the beneficiary of the Deed of Trust and a "Lender" under the Note.

Brinson's claim that Bank of America breached the Deed of Trust by not complying with the HAMP guidelines fails. The Deed of Trust does not mention or incorporate the HAMP guidelines. The Deed of Trust was signed in 2003—five years before HAMP was created. Courts within this district have rejected plaintiffs' attempts to recast alleged HAMP guidelines violations as contract claims. *See Machleit*, 2012 WL 6840539, at \*6 (citing *Cade v. BAC Home Loans Servicing, LP*, No. 10-cv-4224, 2011 WL 2470733, at \*3 (S.D. Tex. June 20, 2011)).

Brinson's claims that Bank of America failed to notify her of the default, notify her 21 days before the foreclosure sale, and provide 30 days to cure the default are contradicted by the documents she attached to the state-court petition. Those documents included a June 6, 2012 letter in which Bank of America's law firm informed Brinson that she was in default and that a foreclosure sale date had been set. (Docket Entry No. 20, Ex. F). The letter referred to an earlier letter sent on June 1, 2012 also informing Brinson that she was in default and that foreclosure proceedings had been initiated. (*Id.*). On July 11, 2012, Bank of America's law firm again notified her that she was in default and that a foreclosure sale date had been set. (*Id.*, Ex. I). The foreclosure sale occurred on August 7, 2012, more than 21 days after the latest notice was sent to her. (*Id.*, Ex. J). Brinson

had more than 30 days to cure the default.

Brinson has also not pleaded facts alleging that she suffered damages from Bank of America's alleged failure to provide proper notice. She pleaded no facts raising a plausible inference that she would have been capable of paying the outstanding balance on the loan, bringing the loan current, and tendering performance of the contract. *See Mullins*, 564 F.3d at 418 (stating that proof of damages is an essential element of a breach of contract claim).

Brinson has failed to state a claim for breach of contract.[3] Further amendments would be futile. The breach of contract claim is dismissed, with prejudice.

### F. The Claim for Declaratory Relief

The state-court petition also seeks a declaratory judgment that Brinson has superior title to and is entitled to exclusive possession of the property. These claims depend on claims that have been dismissed. The declaratory relief claims must be dismissed as well. *Davis*, — F. Supp. 2d —, 2014 WL 838146, at *6 (S.D. Tex. March 3, 2014); *see also Val–Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011) (per curiam) (explaining that "[o]nce the district court had dismissed the underlying [substantive] claims, there were no claims for which [it] could grant declaratory relief") (alterations in the original).

## IV. Conclusion

The defendants' motion to dismiss, (Docket Entry No. 15), is granted. Brinson's claims are

---

[3] In the section of Brinson's response addressing the breach of contract claims, she states that she "should have been given the identify and address of the trustee." (Docket Entry No. 20 at 29). She did not and could not plead this as a factual basis for the breach of contract claim. The documents attached to the state-court petition show that the trustees and their address were identified and provided to Brinson. (Docket Entry No. 20, Exs. H, I at 3; Pet. ¶¶ 85–92).

dismissed, with prejudice.  Final judgment is separately entered.

SIGNED on September 2, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge